ALLISON K. HUME, Appellant, v. EDWARD C. RANDALL et al.,
Respondents.

Where a grantee of a life estate takes also by his deed a power to alien in
fee to any person by means of a will, and no person other than the gran-
tee of the power has, by the terms of its creation, any interest in its exe-
cution, the power is a general beneficial one.

In an action by the vendor to enforce specific performance of a contract
for the purchase and sale of land, plaintiff claimed title under a deed
with covenant of warranty, which contained conditions substantially as
follows : The grantees shall have an equal interest in the property, and
shall control and direct the same after the death of the grantor ; upon
the death of one of the grantees the other to have such control during
life; neither "shall have the right to convey by deed" without the
consent of the grantor, but it may be arranged to be disposed of by
will by the survivor, or by mutual will of the grantees, to take effect
after the death of both.    The habendum clause was to the grantees, their
"heirs and assigns forever."    The grantor was dead at the date of the
deed from the grantees to plaintiff.    Held, that said grantees had power
to alien their life estate after the death of their grantor; and so, that their
conveyance with warranty conveyed the fee.    (1 R. S. 732–733, §§ 81–84.)
Cutting v. Cutting (86 N. Y. 522); Crooke v. County of Kings (97 id. 421);
Genet v. Hunt (113 id. 158), distinguished.
Hume v. Randall (65 Hun, 437), reversed.

(Argued February 26, 1894; decided March 6, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 4, 1892, which directed judgment in favor of defendants upon a case submitted under the Code of Civil Procedure (§ 1279).

Plaintiff sought in this controversy to compel defendants to complete a contract entered into by them with him to purchase certain lands in Erie county in this state. Defendants claimed that the title offered by plaintiff was not merchantable.

The facts, so far as material, are stated in the opinion.

*Frank F. Williams* for appellant. The first question submitted to the court should have been answered in the affirmative. The deed of William S. Van Duzee and wife vested in the grantees the fee absolute of said premises after the death of said Van Duzee and wife in respect to the rights of the purchaser from them, so that the warranty deed of said grantees to the plaintiff conveyed to him the absolute fee of said premises. (*Cutting* v. *Cutting*, 86 N. Y. 531; *A. B. Society* v. *Stark*, 45 How. Pr. 160; *Freeborn* v. *Wagner*, 4 Keyes, 27.) The decision of the General Term would render sections 81, 83 and 84 of the statutes relating to powers absolutely inoperative and of no effect, and is also directly in opposition to the rulings of this court. (*Freeborn* v. *Wagner*, 2 Abb. Ct. App. Dec. 175; *Crooke* v. *County of Kings*, 97 N. Y. 421.) The intention of the grantor, William S. Van Duzee, in said deed was to retain for his lifetime a certain control over said premises, and to convey all beneficial interest in and enjoyment of said premises after his death to the grantees, retaining neither for himself nor for his heirs any remainder in said premises, nor any estate whatsoever therein; consequently he conveyed to said grantees the fee of the premises subject to his own control therein during his lifetime. (*Newkirk* v. *Newkirk*, 2 Caines, 346; *Roosevelt* v. *Thurman*, 1 Johns. Ch. 220; *Oxley* v. *Lane*, 35 N. Y. 340; *Schermerhorn* v. *Negus*, 1 Den. 448.) In adopting sections 81, 83 and 84, article 3, title 2, chapter 1, part 1 of the Revised Statutes, it was clearly

the intention of the revisers to cover such a case as the one at bar. (*Crooke* v. *County of Kings*, 97 N. Y. 421.)

*Jesse H. Behrends* and *C. M. Bushnell* for respondents. The grantors in the deed in question created by it two successive life estates in their grantees, and during their existence suspended the absolute power of aliention. This they had a statutory right to do, of which right the interpretation of sections 81–85 of the Statute of Powers contended for by plaintiff would deprive them. The intent, too, of the revisers in adopting these sections, did not include a case like the one in question. (*Jackson* v. *Trowbridge*, 1 Johns. Cas. 91; *Jackson* v. *Troup*, 16 Johns. 172; *Troup* v. *Wilson*, 2 Cow. 195; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Riggs* v. *Palmer*, 115 id. 506, 509, 510; *Smith* v. *People*, 47 id. 330, 336; *James* v. *Patten*, 6 id. 9, 13; *Tonnele* v. *Hall*, 4 id. 140, 144.) The grantor, William S. Van Duzee, did not, in the said deed, retain any estate in the premises whatever, but merely a power in trust, which allowed him to manage the property during his life; and only two life estates in the property were created by his deed. (*Kissam* v. *Dierkes*, 49 N. Y. 602.) The deed of Sarah A. Cornell and Laura S. Beal to the plaintiff here might be attacked by their subsequent creditors, on the ground that such a deed was beyond their power to execute, and that their life estates, being subject to a condition forbidding their alienation, are subject to the claims of such creditors, thereby putting these defendants to the expense of a lawsuit to maintain their rights. No title should be adjudged merchantable which carries with it a possible lawsuit. (*B. P. Com.* v. *Armstrong*, 45 N. Y. 235; *Hinckley* v. *Smith*, 51 id. 21; *Lockman* v. *Reilly*, 29 Hun, 434; *Argall* v. *Raynor*, 20 id. 267.) Section 85 of article 3 of title 2 of chapter 1, part 2, Revised Statutes (R. S. [8th ed.] p. 2447), as it follows section 84, modifies it, and sections 81 to 84 do not apply to this case, as the grantees in this case had no power to dispose of the premises in question during their respective lifetimes. (*Cutting* v. *Cutting*, 86 N. Y. 522;

*Crooke* v. *County of Kings,* 97 id. 421 ; *Genet* v. *Hunt,* 113 id. 158.)

Peckham, J.   The sole question arises in this case over the deed from Van Duzee and wife to Sarah A. Cornell and Laura S. Beal.   If, under the provisions of that deed, the grantees therein were able, subsequent to the death of Van Duzee, to convey a fee, then the plaintiff took such fee by virtue of a deed from those grantees, and plaintiff's deed tendered to defendants conveyed a good title, and the judgment should be in his favor.   Otherwise not.

The case was submitted to the General Term upon an agreed state of facts.   The defendants agreed to purchase from plaintiff the premises described in the Van Duzee deed, but now object to complete the purchase on the ground that the plaintiff cannot convey a good title.   The Van Duzee deed conveys certain land in Erie county in this state to the above-named grantees, and upon terms and conditions as follows :

" It is hereby intended and understood that the parties of the second part shall both have an equal and undivided interest in the property conveyed above, and said parties shall control and direct said property during their natural life after the decease of William S. Van Duzee, one of the parties of the first part.   If one of the parties of the second part should be taken away by death, the other party shall have the control during her natural life after the time mentioned above, but neither party or both shall have the right to convey away this property by deed or other forms during their lives without the written consent of William S. Van Duzee, one of the parties of the first part, but it may be arranged to be disposed of by will by one of the second party who shall survive the the other, or by a mutual will as the parties may agree, which will shall take effect after the death of both parties of the second part mentioned above.   Said Van Duzee shall have the full control of said property and its products during his natural life, but the products, interest and issues of said property shall go for the benefit of the parties of the second part.

It being understood that said products, interest and issues shall be equally divided between the parties of the second part, but after the decease of one of the second party the survivor shall have the said rents, products and issues at her use and control. And it is further stipulated that if either of the parties marry mentioned above, then the other party shall have full control and possess the entire premises herein deeded."

The deed contained in the habendum clause following the above language, the words " to have and to hold the said premises as above described with the appurtenances unto the said party of the second part and to ―――― heirs and assigns forever." It also contained a covenant of warranty. At the date of the deed from the grantees in the above deed to the plaintiff herein, the grantors Van Duzee were both dead. The General Term held that the Van Duzee deed did not vest in the grantees the fee of the premises even after the deaths of the Van Duzees, and that the grantees could not convey a fee to the plaintiff. It, therefore, ordered judgment in favor of the defendants. The plaintiff appeals here and insists that he took the fee and has a good title, which the defendants should receive and pay for as agreed upon.

We think the General Term erred in the conclusion it arrived at.

It is not disputed that under this deed the grantees took a power to alien in fee by means of a will to any alienee whatever, and that no person other than the grantees of this power had by the terms of its creation any interest in its execution. This constitutes what is termed a general beneficial power. (1 R. S. 732, §§ 77, 79; *Cutting* v. *Cutting,* 86 N. Y. 522, 531.)

It is claimed by the plaintiff that the grantees also took a life estate which, subsequent to the death of the grantor, Wm. S. Van Duzee, could be aliened, and that by virtue of the provisions of the statute they could convey a fee to purchasers.

The sections referred to are sections 81, 82, 83 and 84 of the article on Powers (1 R. S. 732, 733) :

" § 81. Where an absolute power of disposition, not accom-

panied by any trust, shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power should not be executed, or the lands should not be sold for the satisfaction of debts.

" § 82. Where a like power of disposition shall be given to any person to whom no particular estate is limited, such person shall also take a fee, subject to any future estates that may be limited thereon, but absolute in respect to creditors and purchasers.

" § 83. In all cases where such power of disposition is given, and no remainder is limited on the estate of the grantee of the property, such grantee shall be entitled to an absolute fee.

" § 84. Where a general and beneficial power to devise the inheritance shall be given to a tenant for life or for years, such tenant shall be deemed to possess an absolute power of disposition within the meaning and subject to the provisions of the three last preceding sections."

Within the last or 84th section it would seem that the power to convey a fee was granted to those occupying a position such as the grantees in the Van Duzee deed. If it be assumed that the grantees had the right to alien their life estate after the death of Van Duzee as above stated, then there would seem to be no doubt that their deed in this case was a good one. In such case their conveyance with warranty conveyed the fee, and any subsequent attempted execution of the power to devise would be fruitless. (*Freeborn* v. *Wagner*, 2 Abb. Ct. App. Dec. 175.) The defendants, however, urge that the terms of this deed are such that the grantees had no power to alien their life estate without the consent of Van Duzee, which has never been given, and as he is dead, it never can be, and that the suspension of the power of alienation provided for in the deed was not longer than the statute permits, and hence the case last above cited does not apply nor the provisions of the statute above cited in regard to powers. It is said that if the tenant for life have no power to alien it is

immaterial whether the lack of power comes from the terms of the instrument creating the estate by reason of which the grantee, although clothed with the legal title, is prevented from making it the subject of alienation, or because the legal title is in a trustee, and the life tenant, so to speak, is only the beneficiary.    It is urged that in neither case can the statute apply and no fee can be conveyed to a purchaser.

The cases cited by defendants' counsel are *Cutting* v. *Cutting* (86 N. Y. 522) ; *Crooke* v. *County of Kings* (97 id. 421), and *Genet* v. *Hunt* (113 id. 158).    These are cases where the legal title was in the trustee and they are the foundation for the claim that where the tenant for life has no power to alien his life estate the case does not come within the above statute, although the tenant may have a power to dispose of the fee by will.    The argument is founded upon the assumption that the life tenant has no power to alien his life interest.    If he have that power the argument is inapplicable.

Upon a careful examination of the language of this deed we are convinced that the grantees after the death of William S. Van Duzee had power to alien their life estate.    The deed said that neither party or both should have the right to convey by deed or other forms during their lives without the consent of Van Duzee, but it also provided that after his death the parties (grantees) should control and direct the property during their natural lives.    Looking at the whole language of the deed we are persuaded the grantees had the power subsequent to the death of Van Duzee to convey their life estate, and that power joined to the power to alien by will in fee, gave them power to convey a fee to a purchaser by their warranty deed.

The plaintiff, therefore, took a good title from the grantees in the Van Duzee deed and tendered a good one to defendants.

Upon this construction of the deed, it becomes clear that the judgment of the General Term should be reversed, and judgment ordered for the plaintiff, with costs.

All concur.

Judgment accordingly.