Thomas J. Deegan et al., Individually, etc., Respondents, v. Charles Wade, Impleaded, etc., Appellant.

The absolute ownership and power of disposition of a testator's real estate is not suspended because the executor, to whom the will gives an imperative power of sale, may require a period of time not measured by lives to execute the power and convert the real estate into personalty. Such a suspension results only in a case where there are no persons in being by whom an absolute estate in possession may be conveyed.

The will of W., who died in 1890, directed his executor to sell certain real estate, during the spring months of 1891, at public auction to the highest bidder and to invest the proceeds for the benefit of certain of the legatees named in the will. Upon settlement of the accounts of the execu- tor it was claimed that said provision violates the statute against per- petuities, as by fixing a time of sale it suspended the power of aliena- tion for a period not measured by lives. Held, untenable; that the direction as to time was advisory, intended to facilitate the sale, not to restrain or limit the power of absolute disposition.

Another clause of the will devised certain other real estate to a son of the testator for life, with power to devise, but not to convey. The execu- tor was directed to collect and receive the rents and profits until the devisee became of age, to apply the net income to his support and education, and in case there should be a surplus to add the same to other moneys invested for him under other provisions of the will, and on his arrival of age to pay him the whole of the accumulated sum. Held, that the devisee took an absolute fee. (1 R. S. 732, 733, § 82, et seq.)

Reported below, 75 Hun, 39.

(Argued January 24, 1895; decided February 5, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 26, 1894, which modified and affirmed as modified a judgment entered upon the report of a referee construing the will of Patrick Wade, deceased, and passing upon the accounts of the temporary administrator and the executors of a deceased executor.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. F. C. Blackhurst* for appellant. The entire provision of the will " thirdly " is void, as it contravenes the statute against perpetuities. (*Garvey* v. *McDevitt,* 72 N. Y. 556; *Hetzell* v. *Barber,* 69 id. 1; *Waldron* v. *Schlang,* 47 Hun, 252; *Mott* v. *Ackerman,* 92 N. Y. 539.) The devise of the premises No. 228 Mott street to testator's son, Charles Wade, is a devise to him in fee simple. (*Cutting* v. *Ackerman,* 86 N. Y. 131.)

*Louis V. Booraem* and *Charles L. Pashley* for respondents. The direction in the will to sell the premises No. 3 Franklin street at public auction " at some convenient day and place during the spring months of the year 1891," is not in contravention of the statute against perpetuities. (*Waldron* v. *Schlang,* 47 Hun, 252; *Mott* v. *Ackerman,* 92 N. Y. 539; Perry on Trusts, § 771; *Garvey* v. *McDevitt,* 72 N. Y. 556.) The direction to sell the premises in question during the spring months of 1891 is directory only, and does not limit the execution of the power of sale to the above period. (*Mott* v. *Ackerman,* 92 N. Y. 539; *Phelps* v. *Pond,* 23 id. 69; *Bogert* v. *Hertell,* 4 Hill, 495; *Lent* v. *Howard,* 89 N. Y. 169; *Waldron* v. *Schlang,* 47 Hun, 252; *Van Vechten* v. *Van Vechten,* 8 Paige, 105; *Phillips* v. *Davies,* 92 N. Y. 200.) The power to sell premises No. 3 Franklin street given to the executor, his successor or substitute, passes to and should be exercised by the administrators with the will annexed. (*Wood* v. *Nesbitt,* 62 Hun, 449; *Royce* v. *Adams,* 123 N. Y.

402.)   The referee properly found that the gifts of the money on deposit in the Emigrants' Savings Bank to Bridget Connolly, Mary Wade and Charles Wade are specific; that the money on deposit in the Bowery Savings Bank should first be applied to the payment of the funeral expenses, etc. ; that the rents of the premises No. 3 Franklin street until sold are personalty, and are next applicable to the payment of the above and general expenses of the estate, and that, if the above be deficient, the residue of the proceeds of the sale of No. 3 Franklin street, given to Mary Wade in subdivision fifth, paragraph thirdly, of the will, should be next applied to the payment of testator's funeral expenses, debts, expenses of administration and commissions.   (Rop. on Legacies, chap. 3, § 1; Shouler Ex. & Ad. §§ 461, 462 ; *Ingram* v. *Mackey*, 5 Redf. 357; *Stagg* v. *Jackson*, 1 N. Y. 206; *Whitehead* v. *Gibbons*, 2 Stock. 230 ; *Nash* v. *Smallwood*, 6 Md. 394.)   The devise of the premises No. 228 Mott street to testator's son, Charles Wade, is a devise to him in fee simple.   (*Cutting* v. *Cutting*, 86 N. Y. 131; 2 R. S. art. 2, tit. 2, chap. 1, §§ 81, 84.)

O'BRIEN, J.   The testator, Patrick Wade, died October 17th, 1890, leaving a will of real and personal property. Pending a contest as to the validity of the will before the surrogate, a temporary administrator was appointed.   The will was subsequently admitted to probate and the executor named therein qualified and took possession of the estate.   He died on the 14th of November, 1891, and the plaintiffs (who are children and legatees or devisees under the will of Wade) were appointed administrators with the will annexed and brought this action.   The purpose of the action is two-fold. The temporary administrator and the executors of the deceased executor were required to account, and a judicial construction of certain provisions of the will was sought.   The Special Term rendered judgment upon all the questions after a report of a referee.   In so far as the judgment related to the accounting, a slight modification was made in favor of the defendants

at the General Term, and no one interested in that question has appealed to this court. The modification was obviously correct for the reasons stated in the opinion below. The only appeal to this court is by the infant defendant, Charles Wade, who is interested in the construction to be given to two provisions of the will devising real estate.

By the third clause of the will the testator devised to the executor a piece of real estate on Franklin street, in the city of New York, and directed him " to sell the same at public auction at the city of New York to the highest bidder, at some convenient day and place during the spring months of 1891, and to make, execute and deliver good and sufficient deed or deeds of conveyance for the same to the purchaser at such sale." The executor was then to pay over or invest the proceeds for the benefit of certain of the legatees named in the will. This was one of the trusts authorized by the statute since it was to sell lands for the benefit of legatees. The only objection made to it is that it violates the statute against perpetuities, in that it fixed a time for the sale, so as to suspend the power of alienation for a period not measured by lives. It is obvious that the direction as to the time to sell was advisory, and, as the learned court below remarked, was intended to facilitate the sale and not to limit or restrain the power of absolute disposition. The executor had the right to the ordinary period of administration, and this direction amounted to nothing more than a request that the sale be made at an earlier day. The absolute ownership and power of alienation is not suspended merely because the executor may require a period of time not measured by lives in which to execute the power of sale by a conversion of the land into money. That result is accomplished only in a case where there are no persons in being by whom an absolute estate in possession can be conveyed. (*Robert* v. *Corning*, 89 N. Y. 228; *Hope* v. *Brewer*, 136 id. 126.)

The executor was at all times competent to convey, and the request that the sale be made a few months after the testator's death was no restraint upon the exercise of that power.

By the fourth clause of the will the testator devised his lot
No. 228 Mott street, in the city of New York, "free and clear
of all incumbrances, with the two houses thereon erected, to
my son, Charles Wade, for the term of his natural life, with
full power to devise, but with no power to grant or convey
the same, and, if he shall die intestate, then with remainder
over to his heirs; and I devise and direct my executor, here-
inafter named, to collect and receive the rents and profits of
said number 228 Mott street until my said son shall arrive at
the age of twenty-one years, and, after paying the taxes,
assessments and the expenses of necessary repairs on the said
house, then to apply the balance of said income primarily to
the support, education and maintenance of my said son; and, if
there shall be any surplus, to add the same yearly to the other
moneys invested for him under the provisions of this will;
and, when he shall arrive at the age of twenty-one years,
to pay to him the whole of the accumulated sum, with the
interest."

With respect to this clause the question is, what estate
vested in the devisee, whether an estate for life merely or in
fee, and it is governed by the following provisions of the
statute concerning powers (1 R. S. 732, 733):

"§ 81. Where an absolute power of disposition, not accom-
panied by any trust, shall be given to the owner of a particu-
lar estate, for life or for years, such estate shall be changed
into a fee absolute in respect to the rights of creditors and
purchasers, but subject to any future estate limited thereon,
in case the power should not be executed, or the lands should
not be sold for the satisfaction of debts.

"§ 82. Where a like power of disposition shall be given
to any person to whom no particular estate is limited, such
person shall also take a fee, subject to any future estate limited
thereon, but absolute in respect to creditors and purchasers.

"§ 83. In all cases where such power of disposition is given,
and no remainder is limited on the estate of the grantee of the
property, such grantee shall be entitled to an absolute fee.

"§ 84. Where a general and beneficial power to devise the

inheritance shall be given to a tenant for life or for years, such tenant shall be deemed to possess an absolute power of disposition within the meaning and subject to the provisions of the three last preceding sections."

In *Hume* v. *Randall* (141 N. Y. 499) we held that where a grantee of an estate for life takes also a power to alien in fee to any person by will, and no person other than the grantee of the power has, by the terms of its creation, any interest in its execution, the power is a general beneficial one (*Cutting* v. *Cutting*, 86 N. Y. 522), and, further, that the grantees of the life estate, with such a power, could convey in fee by deed, although the instrument creating the life estate and the power attempted to restrain and prohibit any conveyance by deed. That case cannot be distinguished in principle from this. . Here, the devisee had a life estate with power to alien by will. He had the right to the rents and profits, and the estate went in fee to his heirs in case he died intestate. When such powers and incidents attach to a life estate in lands, it is necessarily transmuted into an absolute fee by the terms and the general policy of the statute, and an attempt to restrain the power to convey by deed is inoperative. It was the evident purpose in enacting § 81, above quoted, and the three following sections, to annihilate all limitations and restrictions upon the power of disposition in cases where a life estate with power to alien in fee by will had been granted or devised, except as therein specially provided. Where the beneficial interest and general ownership was conferred by the grant or devise, the statute renders inoperative all restrictions inconsistent with the same.

The judgment appealed from should, therefore, be affirmed, but without costs in this court to either party.

All concur.

Judgment affirmed.