(38 Misc. Rep. 684.)

### DODSWORTH v. DAM et al.

(Supreme Court, Special Term, New York County. September, 1902.)

1. TESTAMENTARY TRUST—VALIDITY—PERPETUITIES.

 A will created a testamentary trust in testator's real estate, with power to appoint the share by will, and directed the trustees and executors to hold the real estate until they had paid all the incumbrances thereon, and authorized them to use all the rest of testator's property for such purpose, and to lease such real estate, and apply the rents to incumbrances and repairs, and to create a sinking fund to extinguish any mortgage upon it. *Held* invalid, as in violation of the statute relating to perpetuities, in that the time required to pay off the incumbrances might exceed two lives in being.

2. SAME—UNLAWFUL ACCUMULATIONS.

 A limitation in a will providing that rents and profits of certain realty should create a sinking fund, to extinguish any mortgages upon the property, is void as in violation of the statutory provisions relative to accumulations.

3. SAME—LIFE ESTATE.

 Where a testamentary trust creating a life estate in behalf of testator's children fails, the life tenants take a fee in the property.

**4. SAME—ABSOLUTE FEES.**

A will provided that on the death of the widow, and on the payment of the liens and incumbrances on certain real estate, the income should be divided among the life tenants in the proportions in which the life estates were devised to them, with power to appoint. *Held*, under the real property law (Laws 1896, c. 547) § 129, providing that where an absolute power of disposition, not accompanied by a trust, is given a life tenant, such estate is changed into a fee absolute, the life estates under the will were changed to absolute fees.

Action by Lawrence A. Dodsworth against Andrew J. Dam and others to construe a will. Judgment for plaintiff.

Ralph H. Holland (William G. Choate, of counsel), for plaintiff.

Gulick, Woodruff & Marsh, for defendants Chadwick and Mary Young Dodsworth.

William D. Murray, for defendants Dam and others.

Alfred E. Hinrichs, guardian ad litem for Huilda May Chadwick.

Fletcher, McCutchen & Brown, for defendant E. Chatfield.

Richard J. Lewis, guardian ad litem, for defendant A. C. Dam.

TRUAX, J. Subject to certain limitations, the testator, Andrew J. Dam, gave, devised, and bequeathed one equal undivided half part of his real estate on Union Square to his son, Andrew J. Dam, Jr. (one of the defendants herein), for the term of his natural life, and on his death to such uses or persons as he, the said son, might by his last will and testament appoint or direct, and in default of such appointment, to his, the said son's, heirs forever. Subject to the same limitations, he gave, devised, and bequeathed one equal undivided fourth part of his said real estate on Union Square to his grandchild Lawrence Andrew Dodsworth, the plaintiff herein, for the term of his natural life, and, on his death, to such uses or persons as the said Lawrence Andrew Dodsworth might, by his last will and testament, appoint or direct, and, in default of such appointment, to his heirs forever. Subject to the same limitations, he also gave, devised, and bequeathed a like one equal undivided fourth part of his said real estate on Union Square to his grandchild Blanche Louise Dodsworth, one of the defendants herein, for the term of her natural life, and, on her death, to such uses or persons as she might, by her last will and testament, appoint or direct, and, in default of such appointment, to her heirs forever. It becomes necessary, therefore, to determine what the limitations are subject to which the property and real estate on Union Square was disposed of, as above stated. One of these limitations was that the Union Square property should remain in the possession and under the control of the testator's executors and trustees until they had paid and discharged all liens and incumbrances, whether by mortgage or otherwise, upon the said property, so that the said property should be free and clear of all liens and incumbrances; and the said executors and trustees were empowered by the will to sell any of the testator's real estate, except the real estate on Union Square, and all of his personal property, in order to obtain money enough to pay and discharge said liens and incumbrances; and the said executors and trustees were directed to lease the said real estate on Union Square, and apply the rents re-

ceived therefrom to the payment of the interest on the incumbrances on said property, to the making of the necessary repairs, to the payment of taxes, assessments, and insurance, and to establish a sinking fund for the payment and extinguishment of any mortgage or any charge which was a lien upon said real estate, so that said real estate might in time be free and clear of all liens and incumbrances.

I am of the opinion that the provision of the will relating to the property on Union Square is void, because it contravenes the statutes against perpetuities. The indefinite period indicated for the continuance of the trust—that is, until all the incumbrances on the Union Square property shall have been paid off—may exceed two lives in being. If the trust (or limitation) relating to the Union Square property is void for the reason above stated, then, under the will, one-half of the property goes to the defendant Andrew J. Dam, one-quarter to the plaintiff Lawrence Andrew Dodsworth, and the other one-quarter to the defendant Blanche Louise Dodsworth, in fee simple. Deegan v. Wade, 144 N. Y. 573, 39 N. E. 692; Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917.

This provision is also void because it contravenes the statute against accumulations. Another of the limitations subject to which the property on Union Square was disposed of, as above stated, was determined by the death of the testator's wife, and no longer has any bearing upon the question or questions at issue. Another limitation is to the effect that on the death of the testator's wife, and after the liens and incumbrances on the Union Square property shall have been paid off, the net income of the estate on Union Square shall be divided into four equal parts, two of these parts going to the testator's son, Andrew J. Dam, Jr., during his life, one of said parts to the support of his grandchild Lawrence Andrew Dodsworth, the plaintiff herein, and the other of said parts to the support of his grandchild Blanche Louise Dodsworth; that is to say, the will provides that the net income of the property on Union Square, after the happening of certain events, shall be paid in the proportions above mentioned to said Andrew J. Dam, Jr., Lawrence Andrew Dodsworth, and Blanche Louise Dodsworth, during their lives, with power in them to dispose of the property by last will and testament. This and the fact that the plaintiff and the defendant Blanche Louise Dodsworth were purchasers brings the case within section 129 of the real property law (Laws 1896, c. 547), which provides that where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers, and incumbrancers, but subject to any future estates limited therein in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts. Deegan v. Wade, 144 N. Y. 573, 39 N. E. 692; Hume v. Randall, 141 N. Y. 499, 36 N. E. 402.

It is contended by the defendants that the question raised in this action is res adjudicata, because the trustees under the will have accounted, and their accounts have been passed by the surrogate's court. This contention is unsound. The only question determined in the

surrogate's court was that the trustees have received a certain sum of money for the benefit of certain persons; that they had paid out certain sums of money; that there remains in their possession a certain sum of money that they are directed to pay to certain persons in certain proportions. It is to be noticed that whether the said Andrew J. Dam, Jr., Lawrence A. Dodsworth, and Blanche Louise Dodsworth take in fee or have only a life interest in the estate, the payment by the trustees to them would be the same; that is, the said Andrew J. Dam, Jr., would be entitled to one-half of the net income, and Lawrence A. Dodsworth and Blanche Louise Dodsworth would each be entitled to one-fourth of the income in either event. Judgment is ordered as prayed for in the complaint, with costs.

Judgment accordingly.