DUDLEY et al. v. PEOPLE'S TRUST CO.

(Supreme Court, Special Term, Kings County. December 30, 1907.)

1. ESTATES—CREATION OF FEE—ABSOLUTE POWER OF DISPOSITION GIVEN TO OWNER OF PARTICULAR ESTATE—STATUTORY PROVISIONS.

The provisions of Real Property Law, Laws 1896, pp. 579, 580, c. 547, §§ 129–132, which change limited estates into fees where an absolute power of disposition is given the owner of the particular estate, while applicable to personal as well as real property, are re-enactments of the provisions

as to powers contained in the Revised Statutes, and are predicated upon an absolute vesting in fee in the person to whom is given the power of appointment of a particular estate for life or for years, but have no application where the title is vested in a trustee and a subordinate power is given to a beneficiary under the trust.

2. TRUSTS—CONSTRUCTION—ESTATE OF CESTUI QUE TRUST—POWER OF APPOINTMENT AS TO PRINCIPAL.

By a trust deed empowering the trustee on the death of the grantor, to divide the trust fund into equal parts and hold such parts in trust for the grantor's children, giving each of them during his life the income from a single part, and providing that, on the death of each of such children who might survive the grantor, the principal of his share should be transferred as such child might appoint by will, and in default of such appointment to his legal representatives, the grantor intended that each part should be held by the trustee during the life of the beneficiary to whom such part was set off, the income therefrom being paid during such period to such beneficiary, and that only after the death of such beneficiary should his part go as by his will appointed, or, in default of such appointment, to his legal representatives.

3. SAME—CONSTRUCTION AS TO GRANTEES.

Where a trust deed provides that after the death of the grantor title to the property shall remain in a trustee, and its income only be paid to beneficiaries, their claim to an absolute title in the trust property by reason solely of the death of the grantor is incompatible with a claim by them of income under the trust deed, and is of itself sufficient to defeat their contention that by the power of appointment given in the deed, and effective only on the death of each of them, they were thereby and from the death of the creator of the trust, when only they became entitled to the income of the fund, vested with the absolute title to that fund.

Action by Ethelyn H. Dudley and others against the People's Trust Company. On motion by plaintiff for judgment on the pleadings. Complaint dismissed.

Stickney, Maclay & McBurney, for plaintiffs.
Wingate & Cullen, for defendant.

ABBOTT, J. This is a motion by plaintiff for judgment on the pleadings. It appears from these pleadings that on July 11, 1900, one Henry O. Pearce executed a trust deed of that date, whereby he assigned to one Edgar O. Pearce $40,000 of personal property, to be held by said Edgar O. Pearce and his successors, in trust to collect the income of said fund and apply the same to the use of the grantor during his life, and upon his death to divide the fund into four equal parts, and to continue to hold such divided parts in trust for his four children, Ethelyn H. Dudley, Ida A. Morgan, Arthur E. Pearce, and Waldo R. Pearce, during their respective lives, receiving the income of each portion and applying the same to the separate use of such children during each of their natural lives. The deed of trust further provided that, upon the death of each of such children who might survive said Henry O. Pearce, the principal of his or her share should be transferred and set over to such person or persons as such child might appoint by his or her last will and testament, and in default of such appointment to the legal representatives of such child. The trustee died in 1906, leaving him surviving Henry O. Pearce and all his above-named children. On May 6, 1907, in an action brought in this court by Anna A. Pearce, as executrix of said deceased trustee, against Henry O. Pearce and his said children, the People's Trust

Company of Brooklyn was by order entered on that day appointed as substituted trustee of the aforesaid trust, in place of said Edgar O. Pearce, deceased, and still continues to act as such trustee. All the children of Henry O. Pearce, who died in April, 1907, survived him, and are plaintiffs in this action. They claim, in their complaint herein, judgment that the substituted trustee account for the trust fund in its hands, and be duly discharged from the trusts under said deed assumed by it, and that it deliver to each one of said children, the plaintiffs herein, the fourth part of the trust fund to which each is entitled. The plaintiffs, as justification for this claim, rely upon the provisions contained in sections 129 to 132 of the real property law (Laws 1896, pp. 579, 580, c. 547), claiming that thereunder the entire estate and ownership of each of these plaintiffs became absolutely vested in them upon the death of the creator of the trust, because thereupon the power of appointment given to each, tacked on to the life interest in the income of the portions disposable under such appointment, terminated the trust and created an absolute ownership by each beneficiary of such portion. The subdivisions of the real property law which plaintiffs claim work this result are the following:

"Sec. 129. When estate for life or years is changed into a fee.—Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and encumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed and the property is not sold for the satisfaction of debts.

"Sec. 130. Certain powers create a fee.—Where a like power of disposition is given to a person to whom no particular estate is limited, such person also takes a fee, subject to any future estates that may be limited thereon, but absolute in respect to creditors, purchasers and encumbrancers.

"Sec. 131. When grantee of power has absolute fee.—Where such a power of disposition is given, and no remainder is limited on the estate of the grantee of the power, such grantee is entitled to an absolute fee.

"Sec. 132. Effect of power to devise in certain cases.—Where a general and beneficial power to devise the inheritance is given to a tenant for life, or for years, such tenant is deemed to possess an absolute power of disposition within the meaning of and subject to the provisions of the last three sections."

These sections, while applicable to personal as well as real property (Re Moehring, 154 N. Y. 423, 48 N. E. 818), are nothing more than re-enactments of the provisions as to powers contained in the Revised Statutes (Hume v. Randall, 141 N. Y. 499, 36 N. E. 402), and are all predicated upon an absolute vesting in fee in the person to whom is given the power of appointment of a particular estate for life or for years. They have no application where, as here, the title is vested in the trustee and a subordinate power is given to a beneficiary under the trust. The distinction is clearly expressed in Chaplin on Express Trusts and Powers as follows (page 459):

"The foregoing principles under which the grantee of an absolute power of disposition takes a fee do not apply where the title is vested in a trustee and a subordinate power is given to a beneficiary under the trust. Hume v. Randall, 141 N. Y. 504, 505, 36 N. E. 402, and cases cited. Nor does such a case fall within section 130, above quoted, where an absolute power of disposition, given to any person to whom no particular estate is limited, results in a fee.

For, while a present estate is vested in a trustee, a power of disposition in another, subject to the trust, is not an absolute power of disposition while the trust lasts. It is the absence of power in the beneficiary to convey the entire fee, including the present estate, which in such a case prevents the statute from operating to give him a fee."

This statement is the doctrine of Asche v. Asche, 113 N. Y. 232, 21 N. E. 70, where it is said in discussing the sections of the Revised Statutes for which the cited provisions of the real property law are a substitution (page 236 of 113 N. Y., page 71 of 21 N. E.):

"Merger is accomplished in law when two or more estates in the same property unite in the same person, and when such estates comprise the whole legal and equitable interest in such property the person holding them becomes the absolute owner. Mickles v. Townsend, 18 N. Y. 575: Bouv. Institutes, §§ 1993–1995. Merger requires the existence of two estates, a greater and lesser, and, upon merger taking place, the lesser estate is said to be extinguished and absorbed in the greater; but this cannot take place where there is an intermediate estate. Merger takes place by virtue of unity of seizin. Mickles v. Townsend, supra. There could, therefore, be no merger here, because of the existence of a valid trust with the right in the trustees to the possession of the trust fund for the purpose of management and control during the life of its beneficiary. The trust must exist so long as the widow lives, and during her life there could be no merger. She has no estate in the subject of the trust. She had an interest in it as beneficiary, but it was essential to the existence of that interest that the trust estate should be maintained. The destruction of the trust would necessarily terminate her interest therein, and there would then be nothing to merge. As was held in Pauling v. Hardy, Skinner, 62: 'Where an estate and a mere right in the land, not an estate, meet in the same person, the merger will not take place because such an interest is not an estate.' "

To my mind the plain intention of the creator of this trust was that each of the four portions into which it was to be divided after the death of the grantor should be held by the trustee named by him, or his successor, during the life of the beneficiary to whom such portion was set off, the income therefrom being paid, during such period, to said beneficiary, and that only after the death and by the will of such beneficiary the portion so held for his or her benefit should go as by such will appointed, or, in default of such appointment, to his or her legal representatives. A merger, to work in these children an absolute title to the portions so carefully set apart and provided for by the donor, would be a perversion of his intention in the creation of the trust which no court of equity, unless constrained by mandatory statute law, would for an instant tolerate. So it is said by the Appellate Division in this Department, in Zarkowski v. Schroeder, 71 App. Div. 526–528, 75 N. Y. Supp. 1021, 1023:

"It is well settled that in equity the union of legal and equitable estates in the same person does not effect a merger, unless such was the intention of the parties and justice and equity require it."

The claim of the plaintiff under the deed of trust to an absolute title in the trust property, by reason solely of the death of the creator of the trust, who has provided in that deed that title to the property should, after his death, remain in another as trustee, and its income only be paid to the plaintiffs as life beneficiaries, is, in my opinion, incompatible with their claim of income under the trust deed, and of itself sufficient to defeat their contention that, by power of appoint-

ment given in the deed, and effective only upon the death of each of the plaintiffs, such plaintiffs are thereby, and from the death of the creator of the trust, when only they became entitled to the income of its fund, vested with the absolute title to that fund. See Matter of Gorden, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689.

I conclude, therefore, that the trust created by the deed of Henry O. Pearce still remains in effect, and that the corpus of the property is still property held by the defendant as succeeding trustee, and as to each part must be so held by it until the death of the child entitled to the income of that part. I have carefully examined all the cases cited on behalf of the plaintiffs, and find nothing in any of them which tends to alter this view. Tallmadge v. Sill, 21 Barb. 34, was predicated upon laws that existed prior to the enactment of the Revised Statutes, and there the power of appointment had been executed. In Re Moehring, 154 N. Y. 423, 48 N. E. 818, the life estate was given outright and absolutely to the beneficiary, with power of disposition. There was not there, as here, an intervening trust. The same is true of Deegan v. Wade, 144 N. Y. 573, 39 N. E. 692, and of Hume v. Randall, 141 N. Y. 499, 36 N. E. 402.

I conclude, therefore, that judgment should be entered dismissing the complaint on the merits, with costs to the defendant.