ESTATE OF NUNNEMACHER: CHELMINSKA and another, Objectors and Appellants, v. FIRST WISCONSIN TRUST COMPANY, Trustee and Petitioner: ROSENBERG, Claimant and Respondent.

*October 6—November 1, 1966.*

488

For the appellants there were briefs by *Arthur T. Spence,* attorney, and *Ellis R. Herbon* of counsel, both of Milwaukee, and oral argument by *Mr. Spence.*

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *G. Hans Moede III,* of counsel, all of Milwaukee, and oral argument by *Mr. Herbert C. Hirschboeck* and *Mr. Moede.*

GORDON, J.   We must determine whether a beneficiary of a testamentary trust with both a life interest in the income of such trust and the power to appoint by will possesses a sufficient interest in the trust corpus to assign a portion of it for value during the beneficiary's lifetime even though such assignment is to take effect at death. The trial court concluded that Mr. Nunnemacher's will provided his daughter Pauline with a life estate and also with a general and beneficial power of appointment to bequeath the remainder in fee, thus giving her an absolute power of disposition for the purposes of secs. 232.08 and 232.11, Stats. 1939. Accordingly, Pauline Sawyer's assignment to Mr. Rosenberg was held to be valid.

Under sec. 232.08, Stats. 1939, when a person owns a life estate and also has an absolute power of disposition of the property, his estate is changed into a fee with respect to the rights of creditors and purchasers. Under sec. 232.11, Stats. 1939, a person is deemed to have an absolute power of disposition if he is a tenant for life with a general and beneficial power to devise his inheritance.

Pauline Sawyer was a beneficiary of a trust created by her father's will which provided that she was to receive the annual income of the trust for her life, and upon her death the corpus was to be paid to her legal heirs "or to such person or persons as such child may have given the

same to by will." On those facts the trial court concluded that Pauline Sawyer was a tenant for life.

The principal thrust of the appellants' argument is that Pauline Sawyer was not a true "tenant for life" within the meaning of sec. 232.11, Stats. 1939, but, on the contrary, was a life income beneficiary of a testamentary trust. We believe that this is a significant and meaningful distinction and that the trial court erred in reaching the conclusion that Pauline Sawyer was a tenant for life.

Although ch. 232, Stats., was revised by ch. 52, Laws of 1965, the governing statutes are those which prevailed in 1939, which is the date of the challenged assignment. In *In re Cudahy Family Trust* (1963), 22 Wis. (2d) 198, 205, 125 N. W. (2d) 344, this court considered the validity of a partial release of a testamentary power of appointment and decided the matter under the laws applicable in the year the release was made. Similarly, Pauline Sawyer's assignment must be tested by the law which governed at the time the assignment was made.

Another preliminary matter relates to the distinction between personal property and real property. We do not believe there is any dispute over the proposition that ch. 232, Stats., applies to powers over personalty as well as real estate. *Will of Uihlein* (1953), 264 Wis. 362, 59 N. W. (2d) 641, 38 A. L. R. (2d) 961; *Will of Zweifel* (1927), 194 Wis. 428, 216 N. W. 840. The appellants have cited a number of cases which establish that an individual may become a life tenant of personal property as well as real property, and that under certain circumstances a life tenant having title and possession of personalty will be named as trustee of the property for the benefit of the remaindermen. *Estate of Martin* (1963), 21 Wis. (2d) 334, 124 N. W. (2d) 297; *Estate of Larson* (1952), 261 Wis. 206, 52 N. W. (2d) 141; *Estate of Lenahan* (1951), 258 Wis. 404, 46 N. W. (2d) 352. However, the dispute in the case at bar is whether a lifetime

income beneficiary of a testamentary trust is the equivalent of a life tenant; the answer is not dependent upon whether the corpus of the trust is real property or personal property.

In determining the nature of Pauline Sawyer's interest in the corpus, we think it is also immaterial whether the person attempting to obtain such corpus is a creditor of Pauline or the life beneficiary herself. The crucial question, in our opinion, turns on the simple fact that a beneficiary who is entitled to receive trust income for life does not own or hold title to the corpus and thus cannot be said to be a life tenant or a tenant for life.

This matter was considered in *Cawker v. Dreutzer* (1928), 197 Wis. 98, 221 N. W. 401. Mr. Cawker died in 1893, leaving two daughters who were to receive trust income for life. The will provided that each daughter should have the power of appointment by will to bequeath her share of the corpus to any beneficiary she chose. One of the daughters contended that the father's will gave her an absolute power of disposition over her share and therefore entitled her to receive her share of the corpus. The court stated the problem as follows, at page 133:

"So it is claimed by the plaintiff-respondent that, having the power of appointment whereby they may dispose by will of the whole estate absolutely, and having a life estate, the two estates merge, and the daughters have the complete or absolute title in the property."

The court went on to state its view as follows, at page 133:

"Here the estate is given to trustees to hold for the life of the beneficiaries. They are to invest the corpus and pay over the income only. The testator's intent is manifest. He desired to put the corpus beyond the reach of such legatees so that they might have an assured income for life. So he tried to put it beyond their power to dispose of the estate during their life. . . . The powers of appointment are not the powers of absolute disposition of the estate."

In the *Cawker Case,* the court specifically discussed the impact of secs. 232.08 and 232.11, Stats., which were in the exact same form at that time (1928) as they were in 1939. Nevertheless, the court concluded that the daughter did not gain full title to the property by operation of law and that the testator did not intend to give his daughters an absolute power of disposition. The court also found that sec. 232.08 did not govern and cited *Cutting v. Cutting* (1881), 86 N. Y. 522, in which the New York court held that property in trust is not subject to the claims of creditors of an income beneficiary when the beneficiary has only the power to bequeath the property and does not have the use of the property.

There are a number of other New York cases which forcefully demonstrate that a life income beneficiary of an express trust is not considered a life tenant of the corpus in that state. *Hirsch v. Bucki* (1914), 162 App. Div. 659, 148 N. Y. Supp. 214; *Dudley v. People's Trust Co.* (1907), 57 Misc. 230, 107 N. Y. Supp. 930. These two cases point out that the life income beneficiary does not have the title to the corpus, but rather that such title is vested in the trustee.

An especially analogous New York case is *Farmers' Loan & Trust Co. v. Mortimer* (1916), 219 N. Y. 290, 114 N. E. 389. Mrs. Mortimer left an estate in trust with the income to be applied for the use of her son; the principal was to pass as the son's will directed, via a power of appointment. During his lifetime the son entered into a contract, for consideration, in which he agreed to exercise his power of appointment in favor of a finance company. The New York court held that the finance company was not entitled to specific performance of its contract. Writing for the majority, Mr. Justice CARDOZO stated, at page 295:

"The promisor [the son] was not the owner of any legal estate. He was the beneficiary of a trust. In such circumstances a power of appointment does not involve

that absolute power of disposition which is equivalent to a fee."

Only a few years ago in *In re Steidinger's Will* (1962), 36 Misc. (2d) 119, 231 N. Y. Supp. (2d) 963, the New York courts again ruled that the assignees of an income beneficiary of a trust who also held a power of appointment were precluded from reaching the corpus upon the beneficiary's death since the beneficiary did not possess a legal life estate in the trust property. See also Powell, Powers of Appointment, 10 Brooklyn Law Review (1941), 233, 241–243; Whiteside and Edelstein, Life Estates with Power to Consume: Rights of Creditors, Purchasers and Remaindermen: A Study of New York Real Property Law Sections 149–153, 16 Cornell Law Quarterly (1931), 447, 460–468.

This court has examined numerous cases cited by the respondent Rosenberg in support of his position. *Auer v. Brown* (1904), 121 Wis. 115, 98 N. W. 966; *Hershey v. Meeker County Bank* (1898), 71 Minn. 255, 73 N. W. 967; *Matter of Moehring* (1897), 154 N. Y. 423, 48 N. E. 816; *Deegan v. Wade* (1895), 144 N. Y. 573, 39 N. E. 692; *Hume v. Randall* (1894), 141 N. Y. 499, 36 N. E. 402. The significant point of each of these cases which distinguishes them from the case at bar is that there was in each an outright estate in favor of the life tenant; the crucial element of an intervening trust was absent.

In Michigan, as in the state of New York, persons possessing an interest similar to that of Pauline Sawyer are deemed not to be life tenants for purposes of the Michigan equivalents of our secs. 232.08 through 232.11, Stats. 1939. *In re Peck Estates* (1948), 320 Mich. 692, 32 N. W. (2d) 14; *Hunt v. Hunt* (1900), 124 Mich. 502, 83 N. W. 371. In the *Hunt Case,* at page 505, the court stated the distinction in the following terms:

"The absolute title is vested in the trustees, and they alone have the right of possession. Upon them alone is

the legal duty to pay the taxes, and to protect and care for the property. The interests of Charles and Joseph as *cestuis que trustent* have none of the attributes of a life tenancy. The trustees alone are charged with the control of the property, or of the fund which they are authorized to realize from its sale."

The respondent Rosenberg contends that the New York cases are inapplicable "because income interests in New York trusts were not assignable, by statutory command, until June 1, 1965." However, our examination of the New York cases, as well as those of Michigan, demonstrates that the courts in those cases have not relied on a statutory limitation regarding assignability but instead have bottomed their decisions on the fact that an income beneficiary for life of an express trust does not have possession of or title to the trust corpus.

We hold that Pauline Sawyer was not a life tenant for purposes of secs. 232.08 and 232.11, Stats. 1939, and her creditors, purchasers and assignees are precluded from reaching the principal of her trust. In view of the foregoing, we do not deem it necessary to determine whether she possessed a "general and beneficial" power or a special power of appointment, nor is it necessary that we determine the applicability of sec. 232.40, Stats. 1939. In addition, we do not consider the 1925 order of the Milwaukee county court determinative of the case at bar because that order actually determined only that Pauline could properly assign the *income* of her trust; the 1925 order did not resolve the validity of an assignment of trust corpus.

We conclude that the order of the county court of Milwaukee county must be reversed with directions to declare the assignment to the respondent Rosenberg unenforceable.

*By the Court.*—Order reversed, with directions.

HALLOWS, J., took no part.