(85 Misc. Rep. 330)

### BARR v. HOWELL et al.

(Supreme Court, Special Term, Suffolk County. April 30, 1914.)

DOWER (§ 12*)—WILLS (§ 616*)—PROPERTY SUBJECT TO—FEE ABSOLUTE—"ESTATE OF INHERITANCE."

　　Under Real Property Law (Consol. Laws, c. 50) §§ 149, 151, providing that, where an absolute power of disposition is given to the owner of an estate for life, the estate is changed into fee absolute as to creditors, purchasers, and incumbrancers, subject to any future estates, and where no

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

remainder is limited the estate is an absolute fee without limitation, a devisee for life with right to dispose of the land by will and to his heirs at law in case no devise was made had only a fee absolute as to creditors, purchasers, and incumbrancers, and not an estate of inheritance within section 190, endowing a widow with a third of the land whereof her husband was seised of an estate of inheritance and the widow on the death of the devisee executing a will was not entitled to dower.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 36–43, 48; Dec. Dig. § 12;* Wills, Cent. Dig. §§ 1418–1430; Dec. Dig. § 616.*

For other definitions, see Words and Phrases, vol. 3, pp. 2490, 2491.]

Action by Lida J. Barr against Harri Micah Howell and others to admeasure dower. Judgment for defendants.

Joseph M. Belford and Percy L. Housel, both of Riverhead, for plaintiff.

Timothy M. Griffing and Robert P. Griffing, both of Riverhead, for defendants.

KELBY, J. Plaintiff claims as widow of Henry P. Norton. The answer ·denies that she is such widow. Plaintiff has not shown any ceremonial marriage, but has proved a long and open living with Norton, as his wife, marked throughout by his declarations, admissions, and conduct, recognizing and accrediting her to the world as his wife. The presumption of a valid marriage from this evidence is very strong, and defendants do not question its sufficiency in their brief. I find as a fact that she is the widow of Norton.

The more difficult question is whether or not the estate devised to Norton by this will and codicils of his grandfather, Lewis Scott, probated in 1888, was such an estate as entitles the plaintiff to dower therein. The will devised the home place and other property to Norton "during his natural life with the right and power to dispose of by will." By the first codicil this property was devised to his (Norton's) heirs at law "in case he (Norton) does not dispose of same by will." By a further codicil another piece of property was added "subject to the same conditions in every respect as are mentioned in said will and (first) codicil." The will of Norton, probated in 1909, devised one half of all the property to his cousin, the defendant Clarence Scott. The other half was devised to any legally incorporated hospital at Southampton, and it has been adjudged that this last devise was void, and that the defendant Chauncey W. Norton, the father of Henry P. Norton, was entitled thereto as his next heir at law, and he has conveyed one-half of his half to the defendant Howell. It is the claim of plaintiff that Norton's life estate was transformed into an estate of inheritance by force of section 149 of the Real Property Law, providing that:

"Where an absolute power of disposition, not accompanied ·by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is not to be questioned that, under this statute, as construed in the authorities, Henry P. Norton had the right to dispose of the fee either by deed inter vivos or by will. He might sell or mortgage it to whomever he pleased; he might create estates therein by deed or devise, or his creditors might have sold it under him. Hume v. Randall, 141 N.. Y. 499, 36 N. E. 402; Deegan v. Wade, 144 N. Y. 573, 577, 578, 39 N. E. 692. All these are characteristic of an estate of inheritance, and our statute directs that:

"A widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of inheritance, at any time during the marriage." Section 190, Real Property Law.

It will be noticed that section 149 does not say that the transformation is to be into "an estate of inheritance" but into "a fee absolute," and that only in respect to the rights of creditors, purchasers, and incumbrancers, and "subject to any future estate limited thereon," if the power is not exercised. It is also provided by section 151 that where "no remainder is limited on the estate of the grantee of the property such grantee is entitled to an absolute fee" without any such limitations.

In determining whether Norton took an estate of inheritance, with the incident of dower, the use of the term "fee absolute" in section 149 is not decisive. An estate in joint tenancy may be in fee, but that is not enough in itself to make dower attach thereto. 4 Kent's Com. 36; 1 Reeves on Real Property, 675.

The intent of section 149 must be ascertained from the language of the entire section. This intent may be best found by first determining what estate Henry P. Norton took at common law before the original enactment of the statute, and what evils or difficulties the statute was designed to cure.

In the case of Jackson ex dem. Livingston v. Robins, 16 Johns. 537, at 588; Chancellor Kent said:

"We may lay it down as an incontrovertible rule that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, when the testator gives to the first taker an estate for life only, by certain and express words, and annexed to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion."

Clearly then at common law Norton took only a life estate under his grandfather's will.

Section 149 was formerly 1 Revised Statutes, 732, § 81, and later section 129 of the Real Property Law (Laws 1896, c. 547). The original act changed the life estate into a fee absolute in respect to the rights of "creditors and purchasers." The later enactment changed the life estate into a fee absolute in respect to the rights of "creditors, purchasers and incumbrancers."

The original revisers' notes show clearly what intent the section was designed to have. In the revisers' reports and notes contained in "Revised Statutes of New York, section edition vol. 111, at page 589, they say concerning this section:

. "That a change of the existing law is here not merely proper, but necessary, will be admitted by all; and it is probably needless to offer any remarks in favor of the regulations we propose. In reason and good sense, there is no distinction between the absolute power of disposition and the absolute ownership; and to make such a distinction to the injury of creditors, may be very consistent with technical rules, but is a flagrant breach of the plainest maxims of equity and justice. There is a moral obligation on every man to apply his property to the payment of his debts; and the law becomes an engine of fraud, when it permits this obligation to be evaded by a·verbal distinction. It is an affront to common sense to say that a man has no property in that which he may sell when he chooses, and dispose of the proceeds at his pleasure. We apprehend the Legislature will have no difficulty in declaring that so far as creditors and purchasers are concerned, the power of disposition shall be deemed equivalent to the actual ownership."

The report of the commissioners of statutory revision, at the time the statute added the word "incumbrancers," disclaimed any intention to change the rule established by the Revised Statutes. See Report of Commissioners of Statutory Revision under section 129, Real Property Law. ·

The intent of these sections (sections 149 and 151), therefore, must be that it is only where no estate in remainder is limited on the estate of the grantee of the power that such grantee is entitled to an absolute fee for all purposes. 2 Reeves on Real Property, § 928; Chaplin on Express Powers & Trusts, §§ 456, 457. And when such remainder is limited, it is a fee absolute only in request to the rights of creditors, purchasers, and incumbrancers, and not with respect to the right of dower.

There is a dictum in Germond v. Jones, 2 Hill, 569, to the effect that an absolute power of disposition would carry a fee, subject to dower, but that was said with reference to a case where there was no remainder.

Furthermore, it is an old test of dower, to inquire whether the widow's issue, if any, would have been entitled to inherit the lands from the husband as his heir. Fowler's Real Property Law (3d Ed.) p. 702. In this case, the fee absolute declared by the statute was not inheritable to the issue of Norton's wife, since it could go only in two ways, either under Norton's will if he exercised the power, or under his grandfather's if he did not. Matter of Stewart, 131 N. Y. 274, 30 N. E. 184, 14 L. R. A. 836. This test of common-law times was applied to determine the question of lower in respect to fees tail, and fees tail special. Such estates having been abolished in New York, it has been supposed that this test has now little practical application. 1 Reeves on Real Property, § 467. Plaintiff, however, invokes an analogy between the fee declared by section 149 and the fee tail at common law, where the dower attached, because the husband was seised of an estate of inheritance, although a restricted one. 2 Blackstone's Commentaries, 131. If the analogy is exact, the above test may be of aid. But it is not exact. The analogy to estates in fee special would be closer.

"If there be a donee in special tail who holds land to him and the heirs of his body begotten on Jane his wife, though Jane may be endowed of these lands,. yet if Jane dies and he marries a second wife, that second wife shall never be endowed of the lands entailed, for no issue that she could have

could by any possibility inherit them." 2 Blackstone's Comm. 131; 1 Scribner on Dower (2d Ed.) 227; 1 Reeves on Real Property, § 474.

I recognize that it has often been declared, as a maxim, that dower is highly favored in the law. It has also been declared that the position of a wife with respect to her husband's property is limited by the provisions of the statute, and, unless she can bring herself within its limitations, she is without right to assert any claim of dower. Phelps v. Phelps, 143 N. Y. 197, 202, 38 N. E. 280, 25 L. R. A. 625. A testator may bestow his property, so long as he violates no rule of law, in what form he pleases; and hence may dispose of his lands for the benefit of a particular person, so that the wife of the latter cannot be endowed thereof. Germond v. Jones, supra.

My conclusion is that by the language and intent of section 149 of the Real Property Law dower is excluded in cases falling thereunder.

Judgment for the defendants.