In the Matter of the Judicial Settlement of the Estate of DAVID L. DAVIES, Deceased.

Surrogate's Court, Oneida County, March 11, 1925.

Wills — construction — husband, under will of wife, given real property for life, with power of disposition, with provision that property shall go to his son if undisposed of by him during lifetime — deed executed by husband as executor to himself, individually, is not exercise of power of disposition within meaning of Real Property Law, § 149 — husband's interest in real property is fee absolute in respect to creditors under Real Property Law, § 149 — husband's debts are lien on property — property not subject to dower — sale of property for payment of debts directed.

A will which directs the division of an estate into two equal parts, by which one-half, including a house and lot, was set aside for the husband of the testatrix with the power of disposition in him, and further provides that if the said property shall be undisposed of by him at his death, it shall go to his son, gives the husband the right to dispose of the dwelling, and his interest therein is a fee absolute in respect to the rights of his creditors under the provisions of section 149 of the Real Property Law.

A deed executed by the husband as executor to himself, individually, is not an exercise of the power of disposition within the meaning of section 149 of the Real Property Law, and did not enlarge his rights in the property, and, therefore, his second wife is not entitled to dower in the property.

Accordingly, the dwelling and lot are subject to sale for the payment of the debts of the husband, and in a proceeding for the settlement of the accounts of his administratrix a decree should be made authorizing and directing the sale of said real property for the payment of the husband's debts. Any surplus arising from the sale after the payment of the debts and expenses of sale should be paid to the husband's son.

PROCEEDING for settlement of account of administratrix c. t. a. involving construction of will.

*Martin & Rendell* [*Richard R. Martin* of counsel], for the administratrix c. t. a.

*Dunmore, Ferris & Dewey,* for the Citizens Trust Company, creditor.

EVANS, S.:

On the 31st day of July, 1897, Fanny E. Davies, a resident of the city of Utica, executed her last will and testament, and thereafter the testatrix died on or about the 13th day of May, 1908. The will was admitted to probate by the Surrogate's Court of Oneida county on the 22d day of June, 1908. Among other provisions of the will, David L. Davies, the surviving husband of the testatrix, was appointed executor and trustee. He qualified

and acted as such until the time of his death which occurred on the 6th day of February, 1924. The estate of Fanny E. Davies approximated $75,000. David L. Davies remarried, and his second wife, Cordelia M. Davies, his present widow, filed with this court her account as administratrix c. t. a. of the estate of David L. Davies.

Objections to the account were filed on behalf of the Citizens Trust Company of Utica, N. Y., and other creditors of the estate. It appears that the creditors will receive a percentage of their claims amounting to about fifty-seven per cent. The total amount of the personal property available for payment of debts amounted to $38,074.58, while the amount of the valid debts totaled $65,972.88. The claim of the Citizens Trust Company of Utica, N. Y., is for $20,043.29, and is based upon three promissory notes made by the Olympia Knit Goods Company, by David L. Davies, treasurer, and indorsed personally by David L. Davies. The notes were demand notes, totaling $50,000, all of which were called and matured sometime before the death of David L. Davies. The Olympia Knit Goods Company went into bankruptcy. After deducting all the payments received towards the notes the balance of $20,043.29 is still due and owing on said notes to the Citizens Trust Company of Utica, N. Y.

It is claimed on the part of this creditor and other creditors that a house and lot located on Steuben Park, Utica, N. Y., belongs to the estate of David L. Davies, and that this property should be sold and the proceeds thereof applied to the payment of the debts due from this estate. This property consists of a dwelling house and lot located at 20 Steuben Park, Utica, N. Y., and is conceded to be worth upwards of $20,000. It was originally owned by Fanny E. Davies, the first wife of David L. Davies, and was occupied by this couple at the time of the death of Fanny E. Davies.

Under the will of Fanny E. Davies, the property in question was left to David L. Davies for life, with a power of disposition in him, and if the property should be undisposed of by him at his death, to his son, Joseph J. Davies. The provisions of the will so far as they are pertinent to the questions involved are as follows: " I direct that as soon as may be my estate shall be divided into two equal parts. One part, I give, devise and bequeath to my husband, David L. Davies, for use during his natural life, giving him full power to expend the principal, income, interest, rents and profits in such manner as he may see fit, upon his death such part of the principal, income, interest, rents and profits as may be unexpended, I direct shall be paid to my son, Joseph Jones Davies, or his issue.  *  *  *  I direct that in the one half of my estate

to be set aside for my husband as herein provided, shall be placed the house and lot in Utica, N. Y., in which I now reside. * * * I direct that my executor and trustee shall have full power to collect and receive all rents, profits and incomes from any and all assets of my estate of whatever name or nature; to sell said assets at public or private sale as he may deem best, to buy and invest in such assets of any name or nature as he may deem best, and to give good title to any assets sold by him."

On September 20, 1911, David L. Davies and Joseph J. Davies executed an agreement of division of the estate, pursuant to the terms of the will, in which was included in the one-half due to David L. Davies the dwelling house in question.

On December 1, 1911, David L. Davies, as executor, etc., of Fanny E. Davies, executed a deed of the property to David L. Davies individually. This deed was recorded in the Oneida county clerk's office on December 5, 1911, in book 655 of Deeds at page 282. David L. Davies occupied the premises until the time of his death, and paid taxes thereon which were assessed to him individually.

It is the position of the creditors that they are entitled to have included this dwelling house among the assets of the estate of David L. Davies, which is based on two propositions:

*First.* Section 149 of the Real Property Law provides: " Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts."

*Second.* That in the event that it should be held that the creditors obtained no rights from the above provision of the Real Property Law, it is claimed that David L. Davies, by the execution of the deed to himself, vested the absolute title of the premises in himself personally and that this property is now subject to the claims of his creditors.

It is urged by Cordelia M. Davies that if it should be held that David L. Davies took an absolute fee of the property through the deed to himself, she is entitled as his widow to her dower rights in the property.

Joseph J. Davies, son of testator, denies the right of creditors to any interest in this property on the ground that under section 149 of the Real Property Law, above quoted, the creditors failed to assert any of their rights in the property during the lifetime of David L. Davies, and that under the provisions of the will of his

mother, Fanny E. Davies, he takes absolute ownership of the property in question; that with reference to the deed heretofore mentioned David L. Davies conveyed no title to himself and that his act in executing and recording the deed merely confirmed the life use of David L. Davies in the property.

The language used in the will of Fanny E. Davies plainly gave to her husband the right to dispose of the dwelling in question.

The deed executed by David L. Davies, as executor, to himself individually, I think was not an exercise of the power of disposition within the contemplation and meaning of section 149 of the Real Property Law, and I hold and decide that such deed did not enlarge the rights of David L. Davies in this property.   While my attention has not been called to a specific case deciding this question, I believe that the rights of creditors of David L. Davies are not changed by his death.   It would seem unjust to me to invoke any different rule.

David L. Davies by virtue of the will of his wife possessed the power of disposition of the Steuben Park property and his interest in this property is termed a " fee absolute " in respect to the rights of creditors.   (Real Prop. Law, § 149.)

The debts of an owner of a fee in real estate are a lien on such real property for a period of eighteen months after the death of the decedent.

There seems to be nothing in the language of section 149 of the Real Property Law to warrant the contention that the death of the life tenant cuts off the rights of his creditors in real property in which he had an estate designated a " fee absolute."

It would be manifestly unjust to permit a person to obtain credit from the fact of such ownership of real property and then to deny relief to creditors because of the death of the debtor.

I, therefore, hold and decide that the real property of this estate, No. 20 Steuben Park, Utica, N. Y., is subject to the payment of debts; that the estate owned by David L. Davies was a " fee absolute in respect to the rights of creditors, purchasers and incumbrancers," and that it was not such an estate as to give dower rights to his widow, Cordelia M. Davies, and that she has no interest in the property (*Barr* v. *Howell*, 85 Misc. 330); that a decree should be made authorizing and directing the sale of said real property for the payment of debts of David L. Davies, deceased, and that any surplus arising from such sale after the payment of such debts and expenses of sale shall be paid to Joseph J. Davies.