Defendant's exceptions should be sustained, and a new trial granted.

HIRSCHBERG, P. J., GAYNOR, BURR and RICH, JJ., concurred.

Defendant's exceptions sustained, and new trial granted, costs to abide the event.

---

SAMUEL HEYMANN, Respondent, v. JOHN P. STEICH, Appellant.

Second Department, October 8, 1909.

Real property — vendor and purchaser — encroachment of bay window on street — municipal corporations — powers of building commissioner, borough of Brooklyn — contract for sale of lands construed.

The commissioner of buildings of the borough of Brooklyn has no power to authorize the construction of a bay window extending into the street more than one foot from the building line contrary to the municipal ordinance limiting such encroachment to one foot.

Where a contract for the sale of lands provides that an encroachment of less than twelve inches by a bay window shall be accepted by the vendee, the latter may reject the title and recover earnest money paid if the window encroaches two feet upon the street contrary to a municipal ordinance.

The parties having themselves agreed as to the limit of such encroachment, the court will not compel the vendee to take title upon the ground that it is improbable that the municipal authorities will ever compel the removal of the encroachment.

APPEAL by the defendant, John P. Steich, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of January, 1909, upon the decision of the court rendered after a trial at the Kings County Special Term.

*James Troy* [ *Whitmel H. Smith* with him on the brief], for the appellant.

*Jacob Brenner*, for the respondent.

Judgment affirmed, with costs, on opinion of Mr. Justice CARR at Special Term.

HIRSCHBERG, P. J., GAYNOR, BURR, RICH and MILLER, JJ., concurred.

The following is the opinion of Mr. Justice CARR:

CARR, J.:

The plaintiff sues to recover back a deposit of $500 paid to the defendant under a written contract for the sale of real property in the borough of Brooklyn. The facts involved are undisputed and the sole question arising is one of law.

Controversy arises because of the fact that the building on the land described in the written contract had a large bay window, which projected beyond the house line two feet. The defendant claims that this projection of the bay window constitutes no defect in the title of the vendor, and asks, therefore, that the plaintiff be compelled to specifically perform the contract by accepting the deed to the property in question. To sustain this contention he cites a number of cases which have arisen in the city of New York, at

various times in recent years, the first of which is *Broadbelt* v. *Loew* (15 App. Div. 343 ; 162 N. Y. 642).

In that case it was held that where a bay window projected seven and one-half inches, more or less, beyond the building line, and at the same time the duly enacted ordinances of the city of New York permitted the construction of bay windows not extending beyond the house line more than one foot, the alleged defect arising from the projection of the bay window was unsubstantial.

It is quite evident from the reading of the opinion in that case that the court proceeded in its decision upon the theory that the common council of the city of New York had the right to enact ordinances of the nature described, and that a projecting bay window was within the permissive scope of such ordinances ; the later case of *Levy* v. *Hill* (70 App. Div. 95) is based expressly upon the former decision in *Broadbelt* v. *Loew*, and it in turn was affirmed by the Court of Appeals (174 N. Y. 536). In the case at bar the defendant contends that the encroachment of the bay window in question was authorized by the authority of the city of New York at the time of the erection of the building. It appears in evidence that plans were filed with the building department of the city of New York, showing that the bay window projected and that said plans were approved and permission given to build. It is claimed by the defendant that the commissioner of buildings of the borough of Brooklyn, city of New York, has authority for the municipality to permit the encroachment in question, and that, therefore, it constitutes no unlawful encroachment upon the highway. This authority is said to come from chapter 481 of the Laws of 1894. Chapter 481 of the Laws of 1894 amended the charter of the city of Brooklyn * in relation to the building department of said city, and the construction and alteration of buildings therein.

After the consolidation of the city of Brooklyn into the city of New York, all powers cast upon the building commissioner of the city of Brooklyn, by the act in question, were continued by provision of the Greater New York charter, as were likewise all ordinances in force in the city of Brooklyn at the time of consolidation.† These ordinances provided that "no person shall construct

---

* Laws of 1888, chap. 583, tit. 14.— [REP.

† See Laws of 1897, chap. 378, §§ 41, 646, 647.— [REP.

any bay window or other window which shall extend into any street more than one foot from the wall of any house or other building." I can find nothing in act of 1894 which gave the commissioner of buildings of the city of Brooklyn any power to sanction the viola- tion or avoidance of the ordinances relative to highways. It is true that the act in question provides that such commissioner "shall also have power to vary or modify the provisions of this title upon application to him therefor, in writing, by the owner of such build- ing or structure, or his representative, where there are practical difficulties in the way of carrying out the strict letter of this law, so that the spirit of the law shall be observed, the public safety secured and substantial justice done." (§ 33.)*

This provision relates, however, only to the various other pro- visions specified in the act, and in no way confers upon the com- missioner any authority over the public highways or the use of any part thereof.

I am of the opinion, therefore, that the encroachment in question cannot be considered to be authorized by lawful authority, as was the case in the decisions above cited.

There are some cases, however, which hold that even where the encroachment is without authority inasmuch as the question involved can arise only between the owner and the municipality, the court will not deem the defect substantial where it is improbable that the municipality will take any action to remove the alleged encroach- ment. (*Empire Realty Corporation* v. *Sayre*, 107 App. Div. 415.)

It seems to me, however, that the parties to this contract had this question before them when they entered into the contract, and agreed among themselves what should be the relative duties of the parties thereto in regard to the encroachment in question. The contract provides in part as follows: "It is also understood that any encroachments by bay windows on the street of less than twelve inches shall be accepted by the party of the second part."

In ascertaining the mutual intention of the parties to the written agreement, resort will be had to the part of construction *expressio unius est exclusio alterius.*

It seems to me, even from the contract itself, there was some

---

* Laws of 1888, chap. 583, tit. 14, § 33, as amd. by Laws of 1894, chap. 481.—[REP.

doubt at the time of its making as to the extent of the encroachment of the bay window in question. That there was some encroachment was found, its extent only being open to verification. It was distinctly provided that the vendee should be compelled to accept the deed if the extent of the encroachment was less than twelve inches. If this means anything, it must mean that such obligation was not to exist if the encroachment was more than twelve inches, but two feet, as in this case. The reasons for this seem quite plain to me; both by the ordinances of the city of Brooklyn, which were then in force, and by the general ordinances of the whole city of New York, encroachment of bay windows from the buildings to the extent of one foot were permissible. The parties evidently had in mind the protection of the vendee against the situation in which there might be an encroachment beyond the provision of the ordinances, and thus expose him to the possibility of subsequent action on the part of said authorities whenever they saw fit to enforce the ordinance in question. The parties having so agreed between themselves, it is not for this court to say that because it thinks it very improbable that the said authorities will ever act to compel the removal of the encroachment, the plaintiff should be compelled to waive the protective provisions of his contract.

Judgment is directed for the plaintiff for the recovery of the deposit and the expenses of searching the title, for the amount agreed upon.

---

Emma Seaman and Others, Infants, by Adelaide Moore, Guardian ad Litem, and Others, Appellants, v. Edward R. McLaury, as Executor of a Paper Writing Purporting to Be the Last Will and Testament of Jane Blauvelt, Deceased, and Others, Respondents, Impleaded with Margaret Stewart and Others.

Second Department, October 8, 1909.

Will — testamentary capacity.

Action to have a will adjudged invalid on the ground that the testatrix lacked testamentary capacity. Evidence examined, and *held*, error to direct a verdict for the defendant.

Jenks, J., dissented.