CAROLINE LOUISE IMLACH, Plaintiff, *v.* MAX A. SEIGEL, Defendant.

First Department, January 13, 1922.

Vendor and purchaser — specific performance — contract by plaintiff, individually, and as executrix to convey — tender of conveyance individually — devise of property to plaintiff for life with power of appointment by will of persons to receive proceeds of sale by executors — proceeds of sale of remainder on failure of designation to go to devisee's children or in absence of children to brother of devisee — title by plaintiff, individually, not marketable — purchaser not required to take title depending on doubtful question of law.

The plaintiff could not convey a good and marketable title, individually, to the defendant and could not compel him to accept the title under a contract of purchase executed by her individually and as life tenant and executrix, where it appeared that she acquired what interest she had in the property under a will devising the property to her " for and during the full period and term of her natural life; and at her death, I hereby give, grant and devise to my executors   *   *   *   full power and authority to sell said premises,   *   *   *   and to pay over the proceeds of such sale to such person or persons as may be designated in any last Will and Testament duly made and executed by my said daughter," and providing further that in case the daughter died intestate, then the proceeds should be divided among her children and, in case she left no children her surviving, that the proceeds should go to a son of the testator.

Where all the parties having a possible interest are not before the court, a purchaser will not be required to take title depending upon a doubtful question of law, since the decision thereof would not be binding upon those who are not parties to the action and might thereafter assert a claim of title.

Accordingly, the defendant will not be compelled to accept title from the plaintiff, individually, as it is doubtful whether or not her title under the will, which gives her the power of appointment by will of the disposition of the proceeds of the sale of the real property by the executors, is to be governed by the rule that where a life tenant is given a general or beneficial power unaffected by any trust to dispose of the remainder by appointment, that becomes an absolute power of disposition under the provisions of the statutes relating to powers, and changes the life estate into absolute fee, and since it is not shown that all the persons who are or might be interested in the property are before the court.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to the provisions of section 546 of the Civil Practice Act.

*Henry Escher* [*Francis L. Archer* of counsel; *Philip S. Dean* with him on the brief], for the plaintiff.

*Jacob Rieger*, for the defendant.

LAUGHLIN, J.:

On the 28th of February, 1921, plaintiff individually and as life tenant and executrix of the will of Charles Smith, and the defendant entered into a contract in writing whereby plaintiff agreed to sell and convey to the defendant and defendant agreed to purchase the premises known as No. 107 East Thirty-first street, borough of Manhattan, New York. It was provided in the agreement that an application should be made to the Supreme Court for authority " to effect such sale, in order to vest good title in the purchaser." Plaintiff, pursuant to the contract, presented to the Supreme Court a petition for authority to sell the premises and a referee was appointed to inquire into the merits of the application and to take proof of the facts and circumstances set forth in the petition and to report the evidence and his opinion thereon. The submission does not otherwise show the grounds upon which the application was made to the court for leave to sell the premises. Pending that proceeding, plaintiff was advised that by virtue of the will of said Smith, who died seized of the premises in fee simple absolute, she became the owner of the fee in her own right and could convey good title and that the application to the court was unnecessary. She then offered to tender to the defendant a deed of the premises to be duly executed and acknowledged by her individually. The tender was waived and the defendant, although willing to perform the contract, refused to accept a deed of conveyance from the plaintiff individually on the ground that it was doubtful whether she was the sole owner in fee and whether a deed executed by her individually would vest in him a good and marketable title. On these facts and the will, the controversy is submitted to the court to decide whether plaintiff is

entitled to a judgment compelling the defendant to perform by accepting such a deed from her individually.

The provisions of the will relating to the premises in question are contained in the 10th paragraph and are as follows:

" *Tenth.* I give and devise to my said daughter, Caroline Louise Imlach, my dwelling house and lot of land, with the appurtenances, situate on the northerly side of East Thirty-first street, between the Fourth and Lexington Avenues, in said city of New York, and now known and distinguished by the street number one hundred and seven (107) East Thirty-first street, in said city; to have and to hold the same unto the said Caroline Louise Imlach, for and during the full period and term of her natural life; and at her death, I hereby give, grant and devise to my executors hereinafter named, and to such of them as shall qualify, and take upon themselves, himself or herself, the execution of this my last will, and to the survivors and survivor of them, full power and authority to sell said premises, at public or private sale, and to execute and deliver good and sufficient deeds therefor in fee simple, and to pay over the proceeds of such sale to such person or persons as may be designated in any last Will and Testament duly made and executed by my said daughter; and in case my said daughter shall die intestate, then to distribute the proceeds of such sale equally among the children of my said daughter then living and being; the issue of any deceased child of my said daughter to take the share which its parent would have received if then living; and if at the death of my said daughter intestate, any of her said children then living and being shall be minors, under the age of twenty-one years, they shall not be entitled to receive their share or part of the proceeds of said sale, and the same shall not be paid to them, or to any one representing them, or on their behalf, until they severally shall have attained the age of twenty-one years; but, in the meantime, said minor children shall receive whatever net rent, income or profit may accrue upon their share of the proceeds of said sale; and in case my said daughter shall die intestate, and without issue, then to pay the proceeds of such sale to my said son Charles Arthur Smith, his heirs or assigns."

So far as we have been aided by the research of counsel and

our own examination of the authorities, we have been unable to find a precedent precisely in point controlling the construction to be placed upon these provisions of the will. It is quite clear that the testator did not intend to give his daughter the fee. This is inferred from his giving her power to appoint by will, not who should take the remainder, which is the customary provision, but the proceeds of a sale by the executor after her death. He endeavored to provide an income for her during life undiminished by the expenses of a trust by which his purpose could have been accomplished. The effect of these provisions of his will, however, depend not upon his intent but upon the statutory provisions relating to powers. He gave and devised the premises to his daughter, the plaintiff, for life; but the only express devise of the remainder is to be found in the provisions by which, at the death of his daughter, he gave, granted and devised to his executors full power and authority to sell the premises with directions to pay over the proceeds of the sale to such person or persons as might be designated by his daughter in a last will and testament, and in the event that his daughter should die intestate, he directed the executors to distribute the proceeds of the sale equally among her then living children, and provided that the issue of any deceased child should take the share which its parent would have taken if living, and in the event that his daughter died intestate and without issue, he directed the executors to pay the proceeds of the sale to his son Charles Arthur Smith or his heirs or assigns. Plaintiff relies upon the authorities which hold that where a life tenant is given a general or beneficial power unaffected by any trust to dispose of the remainder by appointment, that becomes an absolute power of disposition under the provisions of the statutes relating to powers and changes the 'life estate into an absolute fee. (Real Prop. Law, §§ 149–154; formerly 1 R. S. 732, 733, §§ 81–85; *Hume* v. *Randall*, 141 N. Y. 499; *Deegan* v. *Wade*, 144 id. 573; *Farmers' Loan & Trust Co.* v. *Kip*, 192 id. 266.) It is also contended and the authorities hold that the power of sale here given to the executors does not give them an estate or interest in the land but is a mere naked power of sale for the benefit solely of those entitled to the proceeds of the sale and may not be exercised if they elect to take the premises without the

execution of the power of sale. (*Blanchard* v. *Blanchard*, 4 Hun, 287; affd., 70 N. Y. 615; *McDonald* v. *O'Hara*, 144 id. 566; *Mellen* v. *Mellen*, 139 id. 210; *Trask* v. *Sturges*, 170 id. 482; Fowler Real Prop. [3d ed.] 467.) The phraseology of this will, however, differs from that in the will in *Deegan* v. *Wade* and *Hume* v. *Randall* (*supra*) in that in those cases the power of disposition by will given to the life tenant was with respect to the *remainder*, whereas here it is with respect to the *proceeds of the sale of the* remainder by the executors. This difference of phraseology may not be sufficient to require a different construction, and if all parties having a possible interest were before the court, we might so decide. This submission is in effect a substitute for an action for specific performance of the contract and there is another well-settled principle of law neither discussed nor alluded to in the points on the submission which is applicable to such cases and which I think should be deemed decisive.

That principle is that where all parties having a possible interest are not before the court, not only will a purchaser not be required to take a title depending upon a doubtful question of fact, which is applicable to all cases, but he will not be required to take a title depending upon a doubtful question of law since the decision thereof would not be binding upon those who are not parties to the action and might thereafter assert a claim of title. (*Fleming* v. *Burnham*, 100 N. Y. 1; *Heller* v. *Cohen*, 154 id. 299; *Wanser* v. *De Nyse*, 188 id. 378; *Brokaw* v. *Duffy*, 165 id. 391; *Ridley* v. *Walter*, 153 App. Div. 65.) The submission contains no statement of facts with respect to whether or not plaintiff has issue or may leave issue or with respect to whether or not the testator's son, Charles Arthur Smith, is living or has heirs other than the plaintiff or whether the testator left other heirs. If the defendant should be compelled to take this title and the plaintiff should die without appointing by will that he or his grantee should take the proceeds of the sale of the premises, it would be open to her issue, if any, and if not, to Charles Arthur Smith or his heirs or assigns or any other heirs of the testator, to question the title by claiming after the death of the plaintiff that she merely had a life estate and did not dispose of the proceeds of a sale of the remainder as provided

in the will, and our decision would not be *res adjudicata*, since they are not before the court.

It follows that the defendant should have judgment on the submission, together with costs of the action to be taxed.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment ordered for defendant, with costs. Settle order on notice.