Arthur Gr. Klein, J.
The purpose of this memorandum is to determine the cross complaints of the defendant 210 Central Park South Corporation against the defendant I. H. P. Corporation. The issues raised by the complaint, and the counterclaim of the defendant I. H. P. have already been determined. By its first cross complaint the defendant 210 Central Park South Corporation, the owner of premises 208 Central Park South, seeks to enjoin and restrain I. H. P. Corporation, its lessee, from trespassing upon the courtyard of the premises and from constructing or maintaining any fixtures, equipment or installations therein and to compel I. IT. P. to remove all its installations, fixtures and equipment from said courtyard.
The roofed-over area involved here, which ivas originally an open court, is in violation of the Zoning Regulations now in effect, which require this area to bo kept open. It further appears that the erection of the roof over the open area is in violation of sections C26-161.0 and C26-174.0 of the Administrative Code of the City of New York, since no plans have been approved by the Building Department. This is so, even if *334 the “area” was roofed over before I. H. P. entered into possession.
The defendant 210. Central Park South is accordingly entitled to judgment as demanded in its first cross complaint.
The subject of the second cross complaint is the water tower of the air-conditioning unit. This tower was erected by the defendant I. H. P. without first obtaining the written consent of the landlord, as required by the lease. The defendant I. H. P. contends that the landlord and its predecessor, by the receipt of additional rent, waived the provision of the lease requiring written consent. The lease contains the following provision: “ The receipt by the landlord of rent with knowledge of the breach of any covenant of this lease, shall not be deemed a waiver of such breach. No provision of this lease shall be deemed to have been waived by the landlord, unless such waiver be in writing signed by the landlord. * * * This lease contains the entire agreement between the parties, and any executory agreement hereafter made shall be ineffective to change, modify or discharge it in whole or in part unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought. ’ ’ The mere receipt of the additional rent did not constitute a valid waiver of the provision of the lease requiring the landlord’s consent (People ex rel. McGoldrick v. Regency Park, 280 App. Div. 804, affd. 305 N. Y. 650). At best I. H. P. had received a revocable license to maintain the water tower during the period for which it paid the additional rent, and the defendant 210 Central Park South Corporation may now require its removal. Furthermore, there was uncontradicted testimony that the installation and use of the unit had caused the east wall to move and crack so that a dangerous condition exists. The case of Surrey v. H. & F. Sellmann (6 Misc 2d 614), cited by the defendant I. H. P., is not controlling. In that case it does not appear that the lease contained a provision requiring a waiver of any provision of the lease to be in writing.
The defendant 210 Central Park South Corporation is accordingly entitled to judgment as demanded in its second cross complaint.
Submit proposed findings of fact and conclusions of law and the proposed judgment together with notice of settlement. Provision should be made in the proposed judgment that the judgment on the cross complaints be added to the judgment already awarded.