George Tilzer, J.
This is a motion to compel a purchaser in a foreclosure sale to complete its bid. The purchaser refuses on the ground that the title offered by the Referee is not marketable.
This is the second foreclosure action between the identical parties. The first culminated in a sale of the premises to a purchaser styled as ‘1 2-4 Amsterdam Avenue Corp. ’ ’ The judgment of foreclosure and sale, however, was vacated by order of this court due to a defect of parties. Subsequently, the instant foreclosure action was commenced and judgment entered. However, prior to the sale the 2-4 Amsterdam Corp. instituted a declaratory judgment action seeking to establish itself as the sole person entitled to purchase the premises, and in connection therewith obtained a temporary restraining order staying the sale. On appeal the stay was reversed (2-4 Amsterdam Ave. Corp. v. Fabricant, 15 A D 2d 900). The sale subsequently took place, and the disappointed first purchaser proceeded to make the new successful bidder a party defendant to the declaratory judgment action. This purportedly spurred the refusal of this bidder to take title.
A purchaser at a foreclosure sale is entitled to a good and marketable title, free from equities, incumbrances and “ all reasonable doubt” (15 Carmody-Wait, New York Practice, p. 440). “ But that does not mean free from all possible doubt: if that were so, few titles could be held marketable ” (Shientag, J., in Whittier Estates v. Manhattan Sav. Bank, 181 Misc. 662, 665, affd. 268 App. Div. 1037). A title is rendered unmarketable when the purchaser would be unjustifiably exposed to vexatious litigation with the possibility of serious loss (8 Thompson, Real Property [Perm, ed.], § 4585), but the test is not the hazard of litigation itself, but the chance of successful attack (Whittier Estates v. Manhattan Sav. Bank, supra).
In reversing the order staying the sale in the case at bar, the Appellate Division stated: ‘ ‘ In our view, it is doubtful whether plaintiff [2-4 Amsterdam Corp.] has any cause of action under article 15 of the Real Property Law, as a purchaser under a vacated judgment of foreclosure. Particularly since this court *985 affirmed the judgment of foreclosure in the second action— (Fabricant v. Hyed Realty Corp., 13 A D 2d 943, motion for leave to appeal denied 14 A D 2d 672) —plaintiff shows no probability of success in establishing any rights as a bidder under the vacated first judgment. As a stranger to the second foreclosure action, plaintiff certainly can have no rights in the second foreclosure judgment.” (2-4 Amsterdam Ave. Corp. v. Fabricant, 15 A D 2d 900, 901.)
Thus in view of the expressed opinion of the appellate court as to the first purchaser’s rights herein, the court is of the opinion that there is no chance of successful attack upon the title in this case. The further objection raised to the title by the purchaser herein, based on a filed lis pendens, must also be rejected. Not only does it bear the stamp of an afterthought, but subsequent litigation has clearly quieted the claim represented by the lis pendens. The motion is accordingly granted.