■ MURRAY FABRICANT, Respondent, v. HYED REALTY CORP. et al., Defendants. DRAGON REALTY CORP., Appellant; EMANUEL SOBEL, as Referee, Respondent.— Order entered on October 18, 1962, requiring purchaser appellant to complete its purchase of the foreclosed premises within 15 days from the service of a certified copy of the order, unanimously modified, on the law, on the facts and in the exercise of discretion, so as to provide that the purchaser appellant is to complete its purchase within 15 days after demand therefor made after final determination of the action for a declaratory judgment pending in the Supreme Court of the County of New York, Index No. 10,999— 1961, entitled *2-4 Amsterdam Avenue Corp.* v. *Murray Fabricant,* and, as so modified, affirmed, with $20 costs and disbursements to appellant against plaintiff-respondent. Appellant, who is willing to take title, should not in equity be burdened with the pending litigation affecting the subject matter of this action. (See *Simon* v. *Vanderveer,* 155 N. Y. 377; 92 C. J. S., Vendor and Purchaser, § 196, subd. b.) Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ. [36 Misc 2d 983.]

■ TREBUHS REALTY CO., INC., et al., Respondents, v. 210 CENTRAL PARK SOUTH CORPORATION, Appellant-Respondent, and I. H. P. CORP., Appellant.— Judgment entered April 17, 1962, in favor of plaintiffs-respondents unanimously affirmed, with costs to plaintiffs-respondents against defendants-appellants. Additional judgment, entered May 10, 1962, in favor of defendant-respondent 210 Central Park South Corporation, unanimously modified on the law and the facts and in the exercise of discretion, to the extent of deleting any determination of defendant-respondent 210 Central Park South Corporation's second cross complaint and remanding the issues raised by such cross complaint and the answer thereto for a new trial, and the additional judgment is otherwise affirmed, without costs to any party. There was a failure of proof of the facts and circumstances surrounding the erection and maintenance of the air conditioning water tower bearing on the existence, nature, and extent either of a license or agreement and whether the requirements, if any, for a writing were satisfied. The interests of justice require a new trial on this issue. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ. [34 Misc 2d 333.]

■ UPSTATE TEL-HOTEL CORPORATION, Appellant, v. PROSPECT HOUSE CORP., Respondent.— Order entered on May 24, 1961 and judgment entered thereon on August 10, 1961, granting summary judgment to plaintiff as to the first cause of action and denying summary judgment as to the second cause of action, are unanimously modified, on the law, with costs to plaintiff-appellant, and summary judgment is directed in favor of plaintiff on both causes of action, as prayed for in the complaint. In its first cause of action plaintiff sought replevin of 20 television sets, installed in defendant's hotel, and in the second cause of action plaintiff sought to recover a balance due for the rental of said sets in the sum of $2,100. Plaintiff agreed to install the 20 sets, service and maintain them in good working order. The agreement provided that any complaint relevant to such service must be in writing. Although defendant now contends that plaintiff did not install the equipment properly nor repair and maintain it properly, no such complaint was ever made in writing. Furthermore, during each of the four years of the contract period, defendant made substantial payments. Finally, some months after the agreement expired by its terms, defendant wrote to plaintiff explaining that business was not good and asking if it could " possibly make some arrangements within our means to reduce the amount due ". Under the circumstances, defendant raises no triable issue of fact. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.